MICHAEL J. HEYMAN
United States Attorney
JACKIE TRAINI
Assistant United States Attorney
Chief, Civil Division

BRETT A. SHUMATE
Assistant Attorney General
ERIC KAUFMAN-COHEN
Attorney in Charge, West Coast Office
Aviation, Space & Admiralty Litigation
Torts Branch, Civil Division, U.S. Department of Justice
P.O. Box 36028
450 Golden Gate Avenue, Room 7-5395
San Francisco, California 94102-3463
Telephone: (415) 436-6648
Facsimile: (415) 436-6632
E-mail: eric.kaufman-cohen@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: |
| Plaintiff, | IN ADMIRALTY |
| vs. | |
| DON RICHARD ETHERIDGE an individual, and TERESA ANN ETHERIDGE, an individual, *in personam*, | VERIFIED COMPLAINT |
| Defendants. | |

VERIFIED COMPLAINT     Case No.:

Plaintiff, the United States of America, alleges upon information and belief as follows:

## GENERAL ALLEGATIONS

1. This is a case of admiralty and maritime jurisdiction against Defendants DON RICHARD ETHERIDGE and TERESA ANN ETHERIDGE *in personam*, as hereinafter more fully appears, and within Rule 9(h) of the Federal Rules of Civil Procedure.

2. The United States is authorized to bring this suit pursuant to 28 U.S.C. § 1345, 33 U.S.C. §§ 1321 and 2717.

3. Venue is properly in this Court pursuant to 28 U.S.C. §§ 1391 and 33 U.S.C. § 2717.

4. The United States also brings this action on behalf of the Oil Spill Liability Trust Fund ("Fund"), pursuant to the Oil Pollution Act of 1990, 33 U.S.C. § 2701 *et seq*., to recover any and all removal costs and damages incurred directly by the Fund, any removal costs and damages incurred by the Fund through compensation paid to any claimant, and all costs incurred by the Fund by reason of any such claims, including interest, prejudgment interest, adjudicative costs, and attorney's fees. Pursuant to the Oil Pollution Act of 1990, 33 U.S.C. § 2712(f), the United States has acquired by subrogation, or may in the future acquire by subrogation, the rights of any claimant or State paid compensation from the Fund, and the United States specifically reserves the right to amend this Verified Complaint to assert any or all such subrogated rights and claims.

5. At all times material herein, the M/V TAGISH was a vessel, *inter alia*, owned and operated in the United States and at all times material herein was within the jurisdiction of this Court.

6. At all times material herein, defendant DON RICHARD ETHERIDGE owned the M/V TAGISH.

7. At all times material herein, defendant DON RICHARD ETHERIDGE operated the M/V TAGISH.

8. At all times material herein, defendant DON RICHARD ETHERIDGE managed the M/V TAGISH.

9. At all times material herein, defendant DON RICHARD ETHERIDGE demise

VERIFIED COMPLAINT 1 Case No.:

chartered the M/V TAGISH.

10. At all times material herein, defendant DON RICHARD ETHERIDGE controlled the M/V TAGISH.

11. At all times material herein, and by reason of the matters alleged in this Complaint, defendant DON RICHARD ETHERIDGE is a "responsible party" within the meaning of the Oil Pollution Act of 1990, 33 U.S.C. § 2701, *et seq*.

12. At all times material herein, defendant TERESA ANN ETHERIDGE owned the M/V TAGISH.

13. At all times material herein, defendant TERESA ANN ETHERIDGE operated the M/V TAGISH.

14. At all times material herein, defendant TERESA ANN ETHERIDGE managed the M/V TAGISH.

15. At all times material herein, defendant TERESA ANN ETHERIDGE demise chartered the M/V TAGISH.

16. At all times material herein, defendant TERESA ANN ETHERIDGE controlled the M/V TAGISH.

17. At all times material herein, and by reason of the matters alleged in this Complaint, defendant TERESA ANN ETHERIDGE is a "responsible party" within the meaning of the Oil Pollution Act of 1990, 33 U.S.C. § 2701, *et seq*.

18. At all material times the M/V TAGISH was a vessel within the meaning of, *inter alia*, OPA, 33 U.S.C. § 2701(37).

19. At all times material herein, defendants DON RICHARD ETHERIDGE and TERESA ANN ETHERIDGE were agents of each other and are therefore responsible and liable, jointly and severally, for all of each of the others' obligations, acts, omissions, and strict liability with respect to the matters alleged in this Complaint and action.

## **VESSEL HISTORY**

20. The M/V TAGISH (ON 278834) was a 102-foot wood-hulled tugboat built for the United States Navy in 1944. It was decommissioned in 1959. In 2004 defendants DON RICHARD ETHERIDGE and TERESA ANN ETHERIDGE purchased the vessel with the intention of

VERIFIED COMPLAINT 2 Case No.:

restoring it.

## INCIDENT AND REMOVAL ACTION

21. On December 29, 2022, United States Coast Guard, Sector Juneau, received notification that the M/V TAGISH sank at the National Guard Pier in Juneau Harbor in the Gastineau Channel. Subsequent reports advised that a sheen was observed emanating from the sunken vessel.

22. Pollution responders from Sector Juneau's Incident Management Division responded to the scene where they observed defendant DON RICHARD ETHERIDGE attempting to clean the sheen of oil from the water. Thereafter, the Alaska Department of Environmental Conservation provided a boom to contain the spill coming from the sunken vessel.

23. On that same day, December 29, 2022, the Federal On-Scene Coordinator Representative (FOSCR) issued defendant DON RICHARD ETHERIDGE a Notice of Federal Interest (NOFI)

24. On January 4, 2023, the FOSCR issued an Administrative Order to defendant DON RICHARD ETHERIDGE advising him that, as a result of the continued discharge of oil from the sunken vessel, it had been determined that the sunken vessel posed a substantial threat to public health and welfare of the environment and ordered defendant DON RICHARD ETHERIDGE to (1) continuously monitor the scene for any discharge of any oil from the vessel and (2) take measures to establish a plan and an agreement with a contractor to raise and remove the vessel from the waterway by January 9, 2023.

25. On January 9, 2023, the FOSCR determined that defendant DON RICHARD ETHERIDGE had not satisfactorily responded to his Administrative Oder and thereafter issued a Notice of Federal Assumption (NOFA) opening the Oil Spill Liability Trust Fund

26. Pursuant to the NOFA, the FOSCR hired Melino's Marine Service (MMS) to undertake the raising and removal of the TAGISH from the waters of Juneau Harbor. MMS subcontracted with Hamilton Construction to provide a crane and barge large enough to raise the vessel from the bottom and remove it from Juneau Harbor.

27. MMS began planning dive and safety plans while the Hamilton Construction barge was enroute. During the planning, it was discovered that the vessel rested approximately 10 yards

from the City's main sewer line. Consequently, additional measures had to be incorporated into the safety plans to protect the City's sewer line.

28. Hamilton's barge and crane arrived on scene on February 8, 2023. On February 9, recovery operations began. Several attempts were made over several days to raise the vessel from the bottom of the harbor; however, the attempts were unsuccessful requiring modifications to the salvage plan. Several more attempts were made over several days to salvage the vessel, and finally on February 17, 2023, the TAGISH was raised to the surface and moved to the beach.

29. On February 19, two fuel tanks and a hydraulic tank were removed from the vessel. Over the course of the next several days contractors removed fuel and oiled objects from the vessel and collected loose debris. On February 23, 2023, contractors moved the vessel higher up the beach.

30. From February 24 through the 27th contractors removed the remaining fuel tanks from the vessel. By February 28 all pollutants were removed from the vessel. On March 1 the oil containment booms were removed. On March 3, 2023, the Coast Guard closed the case.

31. The Coast Guard, National Pollution Funds Center, incurred a total of $914,794.35 in costs directly related to responding to and remediating the pollution incident involving the M/V TAGISH.

32. On November 20, 2025, NPFC presented Defendants with its claim for payment of the $914,794.35 costs incurred. To date, no payment has been made by Defendants.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST
## DON RICHARD ETHERIDGE and TERESA ANN ETHERIDGE
## (OIL POLLUTION ACT OF 1990)

33. Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

34. Pursuant to the Oil Pollution Act of 1990, each responsible party for a vessel from which oil is discharged, or which poses the substantial threat of discharge, into or upon the navigable waters or adjoining shorelines or the exclusive economic zone of the United States, is strictly liable for all costs, damages, and/or disbursements specified in the Act.

35. Under the circumstances herein, defendants DON RICHARD ETHERIDGE and

VERIFIED COMPLAINT 4 Case No.:

TERESA ANN ETHERIDGE are liable to the United States of America for all such costs, damages, interest, and/or disbursements, in addition to statutory attorneys' fees allowed under OPA, as a result of the matters alleged herein.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST
## DON RICHARD ETHERIDGE and TERESA ANN ETHERIDGE
## (OIL POLLUTION ACT OF 1990)

36. Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

37. Pursuant to the Oil Pollution Act of 1990, the Fund shall be subrogated to all rights, claims and causes of action of claimants to whom it has paid compensation.

38. As a result of the OPA Incidents described herein, the Fund may incur costs, damages, and/or disbursements by reason of claims for removal costs and damages brought against it under the Oil Pollution Act of 1990.

39. Pursuant to the Oil Pollution Act, DON RICHARD ETHERIDGE and TERESA ANN ETHERIDGE are liable to the United States of America for all such costs, damages, and/or disbursements which may be sustained by the Fund, in addition to statutory attorneys' fees allowed under OPA, as a result of the matters alleged herein.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST
## DON RICHARD ETHERIDGE and TERESA ANN ETHERIDGE
## (OIL POLLUTION ACT OF 1990)

40. Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

41. Pursuant to the Oil Pollution Act of 1990, 33 U.S.C. § 2717(f)(2), the United States is entitled to, and hereby seeks, a declaratory judgment that is binding in any subsequent action or actions against defendants DON RICHARD ETHERIDGE and TERESA ANN ETHERIDGE that said defendants are liable for removal costs and damages in any such subsequent action or actions.

//

//

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST
## DON RICHARD ETHERIDGE and TERESA ANN ETHERIDGE
### (28 U.S.C. § 3001, *et seq*.)

42. Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

43. Despite the liability, including strict liability, of defendants to the United States, all as alleged in this verified Complaint, on information and belief defendants DON RICHARD ETHERIDGE and TERESA ANN ETHERIDGE in breach of law, including, but not limited to, in violation of the provisions of the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., have, inter alia, instead of discharging debts owed to the United States, transferred, sold, spun off, and assigned assets so as to prejudice and cause irreparable harm to the United States.

44. Despite the liability, including strict liability, of defendants to the United States, all as alleged in this verified Complaint, on information and belief defendants DON RICHARD ETHERIDGE and TERESA ANN ETHERIDGE, in breach of law, may hereafter transfer, sell, spin off, and assign, or attempt to transfer, sell, spin off, and assign their assets, including real property, so as to prejudice and cause irreparable harm to the United States.

45. All such prior and future actions as alleged in the foregoing paragraphs have caused damages, and will cause damages, to the United States in an amount to be established according to proof at trial.

46. All such future actions as alleged in the foregoing paragraphs will continue to cause irreparable harm to the United States. As a result of the foregoing, defendants DON RICHARD ETHERIDGE and TERESA ANN ETHERIDGE shall, pursuant to law and statute, be enjoined from further transferring, selling, spinning off, and assigning, or attempting to transfer, sell, spin off, and assign, their assets, including real property, so as to prejudice and cause irreparable harm to the United States.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST
## DON RICHARD ETHERIDGE and TERESA ANN ETHERIDGE
### (PRIORITY OF GOVERNMENT CLAIMS, 31 U.S.C. § 3713)

47. Plaintiff, United States of America, refers to and incorporates by reference as though

fully set forth herein each and every foregoing paragraph of this Complaint.

48. Despite the liability, including strict liability, of defendants to the United States, all as alleged in this verified Complaint, on information and belief defendants DON RICHARD ETHERIDGE and TERESA ANN ETHERIDGE, in breach of law, have, instead of discharging debts owed to the United States, transferred, sold, spun off, and assigned assets so as to prejudice and cause irreparable harm to the United States.

49. Despite the liability, including strict liability, of defendants to the United States, all as alleged in this verified Complaint, on information and belief defendants DON RICHARD ETHERIDGE and TERESA ANN ETHERIDGE, in breach of law, including, but not limited to, may hereafter transfer, sell, spin off, and assign, or attempt to transfer, sell, spin off, and assign their assets, including proceeds of insurance, so as to prejudice and cause irreparable harm to the United States.

50. All such prior and future actions as alleged in the foregoing paragraphs have caused damages, and will cause damages, to the United States in an amount to be established according to proof at trial.

51. All such future actions as alleged in the foregoing paragraphs will continue to cause irreparable harm to the United States. Pursuant to law and statute, defendants DON RICHARD ETHERIDGE and TERESA ANN ETHERIDGE and their officers, servants, employees, representatives, agents, fiduciaries, or other individuals and entities acting on their behalf or with their authorization, are required to discharge their foregoing debt to the United States prior to discharging any other debt or payment.

52. To the extent that defendants DON RICHARD ETHERIDGE and TERESA ANN ETHERIDGE, and/or their officers, servants, employees, representatives, agents, fiduciaries, or other individuals and entities acting on their behalf or with their authorization, have discharged claims or debts to any other person or entity other than the United States, or in the future discharge claims or debts to any person or entity other than the United States in contravention of, inter alia, 31 U.S.C. § 3713, defendants DON RICHARD ETHERIDGE and TERESA ANN ETHERIDGE, and/or their officers, servants, employees, representatives, agents, fiduciaries, or other individuals and entities acting on their behalf or with their authorization, are liable to the United States for the amount of any such payments.

VERIFIED COMPLAINT 7 Case No.:

53. With respect to any payments in contravention of 31 U.S.C. § 3713, and pursuant to 31 U.S.C. § 3713(b), any and all officers, servants, employees, representatives, agents, fiduciaries, or other individuals and entities making such payments are personally liable to the United States for the amount of any such payments.

54. The United States reserves the right to amend this Complaint to add additional claims, causes of action, and parties, including , but not limited to, in their individual capacity, any and all officers, servants, employees, representatives, agents, fiduciaries, or other individuals and entities who, in contravention of 31 U.S.C. § 3713(a) and (b), have already discharged, or in the future discharge, claims or debts to any person or entity other than the United States.

**WHEREFORE**, the United States of America prays as follows:

1. That United States of America be granted judgment against DON RICHARD ETHERIDGE and TERESA ANN ETHERIDGE *in personam*, pursuant to the complaint of the United States herein;

2. That the United States of America be granted declaratory judgment against DON RICHARD ETHERIDGE and TERESA ANN ETHERIDGE *in personam*, for removal costs or damages binding on any subsequent action or actions to recover further removal costs or damages, plus interest, costs, disbursements, and attorneys' fees;

3. The United States expressly reserves the right to amend this complaint to add parties and/or causes of action, as may be necessary;

4. For such other relief as the Court deems just and proper in the premises.

Dated: February 24, 2026　　　　　　　　BRETT A. SHUMATE
　　　　　　　　　　　　　　　　　　　　Assistant Attorney General

　　　　　　　　　　　　　　　　　　　　s/Eric Kaufman-Cohen
　　　　　　　　　　　　　　　　　　　　ERIC KAUFMAN-COHEN
　　　　　　　　　　　　　　　　　　　　Attorney in Charge, West Coast Office
　　　　　　　　　　　　　　　　　　　　Aviation, Space & Admiralty Litigation
　　　　　　　　　　　　　　　　　　　　Torts Branch, Civil Division
　　　　　　　　　　　　　　　　　　　　U.S. Department of Justice

VERIFIED COMPLAINT　　　　　　　　8　　　　　　　　Case No.:

Of Counsel
SHAWN WOLSEY
National Pollution Funds Center
United States Coast Guard

Attorneys for Plaintiff
United States of America

VERIFIED COMPLAINT 9 Case No.:

## VERIFICATION

Eric Kaufman-Cohen says:

I am one of the attorneys for plaintiff, United States of America, herein, and make this verification by authority for and on its behalf; I have read the foregoing Complaint, know the contents thereof, and from information officially furnished to me believe the same to be true.

I verify under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: February 24, 2026  s/Eric Kaufman-Cohen
ERIC KAUFMAN-COHEN